UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KING MEMORY LLC, et al.,

    Plaintiffs,

v.

COMPUTER MEMORY SOLUTIONS, INC.,

    Defendant.

Case No. 2:16-cv-529
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on the partial Motion to Dismiss [ECF No. 7] filed by Defendant Computer Memory Solutions, Inc. ("CMS"). For the following reasons, that Motion is **DENIED**.

### I.

This case stems from a sales dispute on Amazon. Plaintiffs King Memory LLC and A-Tech Components LLC sell computer memory devices on Amazon. (Compl. ¶ 10 [ECF No. 1].) Defendant does as well. (*See* Mot. to Dismiss at 4 [ECF No. 7].) According to Plaintiffs, Defendant engages in "catalog manipulation" and "page hijacking." (Compl. ¶ 43.) Amazon prohibits both of these tactics under its guidelines and policies. (*Id.* ¶ 42.) A seller engages in catalog manipulation when it "gain[s] access to edit the product attributes displayed on a product page and mak[es] changes to product attributes without a valid reason." (*Id.* ¶ 34.) Page hijacking occurs "when a seller replaces product attributes on a generic product detail page with its own name and its own product images and thereafter threatens trademark infringement against all other sellers who had previously sold under this generic product detail page." (*Id.* ¶ 39.)

Defendant, for example, allegedly hijacked a generic product detail page associated with ASIN[1] number B00IY09FOU (the "B00IY09FOU Page"). (Compl. ¶¶ 44–72.) On the B00IY09FOU Page, Defendant allegedly "changed the brand attribute from 'Major Brand' to 'Computer Memory Solutions,'" and "changed the product image attribute to replace unbranded photos of the product with pictures of its own product bearing its own branding." (*Id.* ¶¶ 51–52.) Defendant eventually gained control of the B00IY09FOU Page "by falsely representing to Amazon that it owned exclusive trademark rights to the name 'Computer Memory Solutions' and other brands [it] uses with its products." (*Id.* ¶ 54.) Plaintiffs allege that they had been selling under the B00IY09FOU Page for at least six months when Defendant took control of the Page. (*Id.* ¶ 57.)

Defendant contacted Plaintiffs in April 2015 and demanded that they stop selling under the B00IY09FOU Page and other similar pages (the "challenged pages"). (Compl. ¶ 59.) Defendant claimed its exclusive entitlement to the challenged pages based, in part, on instructions that it had allegedly received from Amazon. (*See id.* ¶¶ 61–62.) And over the following months, as Defendant continued to "modify[] product attributes and lock[] down product detail pages," Defendant purportedly insisted that it had received authorization from Amazon to do so. (*Id.* ¶ 69.)

Confronted with Defendant's alleged catalog manipulation and page hijacking, Plaintiffs brought this suit on June 10, 2016. Plaintiffs bring claims for (1) declaratory judgment, (2) defamation, (3) tortious interference with business relations, (4) false designation of origin, (5) reverse passing off, (6) deceptive trade practices, (7) preliminary and permanent injunctive relief, and (8) declaratory judgment. (Compl. at 11–18.)

---

[1] An "ASIN" is an Amazon Standard Identification Number. (Compl. ¶ 15.) The number uniquely identifies products on Amazon. (*Id.*)

2

Defendant has now moved to dismiss for failure to state a claim. Defendant's Motion, however, only targets Plaintiffs' defamation claim. (Mot. to Dismiss at 1 [ECF No. 7].)

## II.

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). A complaint will not "suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

### B. Defamation

According to Defendant, Plaintiffs have failed to allege sufficient facts to state a defamation claim. (Mot. to Dismiss at 5.)

3

To establish defamation under Ohio law, a plaintiff must show "'(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement.'" *Anthony List v. Driehaus*, 779 F.3d 628, 632–33 (6th Cir. 2015) (quoting *Am. Chem. Soc'y v. Leadscope, Inc.*, 133 Ohio St. 3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶ 77).

Actionable defamation falls into one of two categories: defamation per se and defamation per quod. "Defamation per se occurs when a statement, on its face, is defamatory. As relevant here[], defamation is per se if the words tend to injure a person in their trade or occupation." *Gilson v. Am. Inst. of Alt. Med.*, 10th Dist. Franklin No. 15AP-548, 2016-Ohio-1324, ¶ 38 (citation omitted). A plaintiff may maintain an action for defamation without establishing special damages if the statement at issue is defamatory per se. *Id.* ¶ 39. As to the degree of fault required here, Ohio has adopted an ordinary negligence standard for actions involving a private individual defamed in a statement about a matter of public concern. *Id.* ¶ 41; *see also Worldnet Software Co. v. Gannett Satellite Info. Network, Inc.*, 122 Ohio App. 3d 499, 702 N.E.2d 149, 154 (1st Dist. 1997) (rejecting a blanket assertion that all businesses are public figures in the First Amendment context).

Plaintiffs have stated a plausible defamation claim. In addition to the more generalized allegations in their Complaint, Plaintiffs assert that

> 85. CMS has falsely accused [Plaintiffs] of trademark infringement and other illegal trade practices.
>
> 86. CMS has falsely[,] intentionally, willfully, and knowingly reported to Amazon that [Plaintiffs were] engaging in trademark infringement and other illegal trade practices.

4

>    87.   These types of accusations have caused the removal of [Plaintiffs'] listings from some of the Challenged Pages, including [the] B00IY09FOU Page, thereby damaging [Plaintiffs'] sales, reputation, and status with Amazon.
>
>    88.   CMS's unfounded accusations generate Amazon Policy Warnings, which in turn negatively impact King Memory's Amazon Seller Metrics (the measurements used by Amazon to evaluate a seller's performance).
>
>    89.   Upon information and belief, poor Amazon Seller Metrics can harm sellers, including impacting selling privileges and a seller's ability to obtain financing from Amazon.
>
>    90.   As a result of the foregoing conduct, [Plaintiffs have] been damaged and continue[] to suffer losses for which [they are] entitled to recover compensatory and punitive damages.

(Compl. ¶¶ 85–90 [ECF No. 1].) Plaintiffs explicitly allege that Defendant made false statements of fact. (*Id.* ¶¶ 85–86.) Plaintiffs also clearly allege that Defendant published its statements to Amazon. (*Id.* ¶ 86; *see also Stafford v. Jewelers Mut. Ins. Co.*, 554 F. App'x 360, 375 (6th Cir. 2014) ("[I]n the context of defamation, Black's Law Dictionary defines 'publish' as 'To communicate (defamatory words) to someone other than the person defamed.' Black's Law Dictionary 1268 (8th ed. 2004).") Plaintiffs allege that they suffered injury as a proximate result of the publication. (Compl. ¶¶ 87–90.) Plaintiffs contend that Defendant acted "intentionally, willfully, and knowingly" in publishing the statements, (*id.* ¶ 86), and, thus, with the requisite degree of fault, *see Gilson*, 2016-Ohio-1324, ¶ 41. And given that Defendant's statements have purportedly injured Plaintiffs' trade or occupation, (*see* Compl. ¶¶ 85–90), Plaintiffs have plausibly alleged that Defendant's false statements are defamatory, *see Gilson*, 2016-Ohio-1324, ¶ 38.

Defendant argues that Plaintiffs have failed to identify (i) the defamatory statement, (ii) when the statement was made, (iii) the plaintiff to whom the statement refers, (iv) where the statement was published, (v) what was false about the statement, and (vi) whether the statement

5

was expressed as a fact or an opinion. (Mot. to Dismiss at 5–6 [ECF No. 7].) Defendant, however, asks for more than is required in a complaint. "The Federal Rules do not impose any special pleading requirements on defamation claims." *Re/Max Int'l, Inc. v. Smythe, Cramer Co.*, 265 F. Supp. 2d 882, 893 (N.D. Ohio 2003); *see also Suarez Corp. v. CBS, Inc.*, No. 93-3307, 23 F.3d 408 (Table), 1994 WL 142785, at *5 (6th Cir. Apr. 19, 1994) ("Defendants initially argue that plaintiff's defamation claim was inadequately pled as it fails to delineate the allegedly defamatory statements in the broadcast. While technical rules of pleading existed for defamation at common law, the liberalized requirements of the federal rules only require 'notice' pleading."). Plaintiffs' Complaint need contain only a short and plain statement showing that Plaintiffs are plausibly entitled to relief under their defamation claim. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. And as noted above, Plaintiffs have satisfied that low pleading threshold.

From Defendant's perspective, Plaintiffs have also inadequately pleaded the existence of an injury proximately caused by the alleged false statements. (Reply Br. at 4–5 [ECF No. 15].) Plaintiffs describe the injuries caused by Defendant's "'accusations'"—not the injuries caused by "a specifically alleged false statement." (*Id.* at 5 (quoting Compl. ¶¶ 87–88 [ECF No. 1]).) Again, however, Defendant attempts to hold Plaintiffs to a higher standard than is required at the pleading stage. Viewed in the light most favorable to Plaintiffs, the allegation that Defendant's "accusations" proximately caused Plaintiffs injuries is a plausible allegation that Defendant's purported false statements to Amazon proximately injured Plaintiffs. (*See* Compl. ¶¶ 87–90; *see also* Black's Law Dictionary 10 (4th pocket ed. 2011) (defining "accusation" as "[a] *statement that a person has engaged in an illegal or immoral act*") (emphasis added).)

6

III.

Defendant's partial Motion to Dismiss [ECF No. 7] is, accordingly, **DENIED**.

**IT IS SO ORDERED.**

1-3-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**